| | | |
|---|---|---|
| Lyndel Anne Vargas<br>State Bar No. 24058913<br>Charles B. Henricks<br>State Bar No. 09451050<br>Steven T. Holmes<br>State Bar No. 00794918<br>CAVAZOS HENDRICKS POIROT, P.C.<br>Suite 570, Founders Square<br>900 Jackson Street<br>Dallas, TX 75202<br>Phone: (214) 573-7344<br>Email: lVargas@chfirm.com<br><br>Proposed Attorneys for Roddrick Breon Newhouse as Chapter 7 Trustee in Case No. 24-41976-elm7<br><br>Proposed Attorneys for Behrooz P. Vida, Chapter 7 Trustee in Case No. 24-41978-mxm7 | Marc W. Taubenfeld<br>State Bar No. 19679800<br>MCGUIRE, CRADDOCK & STROTHER, P.C.<br>500 N. Akard St., Suite 2200<br>Dallas, TX 75201<br>Phone: (214) 954-6809<br>Email: mtaubenfeld@mcslaw.com<br><br>Proposed Attorneys for Roddrick Breon Newhouse as Chapter 7 Trustee in Case Nos. 24-41977-mxm7, 24-41979-elm7, and 24-41980-elm7 | Marilyn D. Garner<br>LAW OFFICE OF MARILYN D. GARNER<br>2001 E. Lamar Boulevard<br>Suite 200<br>Arlington, TX 76006-7347<br>Phone: (817) 505-1499<br>Email:mgarner@marilyndgarner.net<br><br>Proposed Attorneys for Marilyn D. Garner, Chapter 7 Trustee in Case No. 24-41981-elm7 |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In Re:<br><br>ICED TEA WITH LEMON, LLC,<br><br>    Debtor. | § § § § § § § § § | Case No.  24-41976-elm7 |
| In Re:<br><br>TRES PELICULAS, LLC,<br><br>    Debtor. | § § § § § § § § § | Case No.  24-41977-mxm7 |
| In Re:<br><br>CINCO PELICULAS, LLC,<br><br>    Debtor. | § § § § § § § § § | Case No.  24-41978-mxm7 |

LEGAL02/44526427v3

| | | |
|---|---|---|
| In Re:<br><br>SEIS PELICULAS, LLC,<br><br>    Debtor. | § § § § § § § § | Case No. 24-41979-elm7 |
| In Re:<br><br>WOODBURY ALAMO, LLC,<br><br>    Debtor. | § § § § § § § § | Case No. 24-41980-elm7 |
| In Re:<br><br>DOS PELICULAS, LLC,<br><br>    Debtor. | § § § § § § § § | Case No. 24-41981-elm7 |

# TRUSTEES' JOINT EMERGENCY MOTION FOR AUTHORITY TO SELL PROPERTY OF THE ESTATE FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES AND PROVIDE FOR THE ASSUMPTION & ASSIGNMENT OF EXECUTORY <u>CONTRACTS AND UNEXPIRED LEASES</u>

**IN ACCORDANCE WITH THE NOTICE OF HEARING FILED AT DOCKET NO. 64 IN CASE NO. 24-41676 (THE "NOTICE"), THIS MATTER HAS BEEN SET FOR AN EXPEDITED HEARING BEFORE THE HONORABLE JUDGE EDWARD L. MORRIS AND THE HONORABLE JUDGE MARK X. MULLIN AT THE UNITED STATES BANKRUPTCY COURT, ELDON B. MAHON FEDERAL BUILDING, 501 W. TENTH STREET, FORT WORTH, TX 76102 ON <u>JUNE 27, 2024 AT 10:30 A.M.</u> THE HEARING WILL BE HELD IN PERSON AND VIA WEBEX VIDEOCONFERENCE. INSTRUCTIONS FOR ATTENDING THE HEARING ARE CONTAINED IN THE NOTICE.**

    Roddrick Breon Newhouse as Chapter 7 Trustee of the bankruptcy estates of Iced Tea with Lemon, LLC, Tres Peliculas, LLC, Seis Peliculas, LLC, and Woodbury Alamo, LLC; together with Behrooz P. Vida, as Chapter 7 Trustee of the bankruptcy estate of Cinco Peliculas, LLC, and

Marilyn D. Garner, as Chapter 7 Trustee of the bankruptcy estate of Dos Peliculas, LLC (each a "*Trustee*" or collectively, the "*Trustees*" or *"Seller"*), jointly file this *Trustees' Emergency Motion for Authority to Sell Property of the Estate Free and Clear of Liens, Claims, and Encumbrances* (the "*Motion*") and in support respectfully show the Court as follows:[1]

### JURISDICTION

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(1) and (b)(2)(A) and (N).

2. This Motion is made pursuant to 11 U.S.C. §§ 363, 365, 721 and F.R.B.P. 6004.

### BACKGROUND

3. On June 6, 2024 (the "*Petition Date*"), the following entities filed their respective Chapter 7 cases with this Court: Iced Tea with Lemon, LLC; Tres Peliculas, LLC; Cinco Peliculas, LLC; Seis Peliculas, LLC; Woodbury Alamo, LLC; and Dos Peliculas, LLC, (each a "*Debtor*" and collectively, the "*Debtors*").

4. On or about the Petition Date, Roddrick Breon Newhouse was appointed Chapter 7 Trustee for the bankruptcy estates of Iced Tea with Lemon, LLC, Tres Peliculas, LLC, Seis Peliculas, LLC, and Woodbury Alamo, LLC; Behrooz P. Vida, was appointed Chapter 7 Trustee for the bankruptcy estate of Cinco Peliculas, LLC; and Marilyn D. Garner was appointed Chapter 7 Trustee for the bankruptcy estate of Dos Peliculas, LLC.

### THE PROPOSED SALE

5. By this Motion and pursuant to section 363(b) and (f) of the Bankruptcy Code and F.R.B.P. 6004, the Trustees jointly request this Court enter an order authorizing a global sale ("*Global Sale*") of property of the above-captioned estates to Alamo Intermediate II Holdings,

---

[1] A copy of this Motion will be filed contemporaneously in each of the above-referenced Debtors' cases.

LLC (the "**Buyer**"), free and clear of all liens, claims, encumbrances, or other interests claimed by any party on any of the assets being sold by any of the above-captioned bankruptcy estates.

6. The Buyer has executed a binding term sheet with each of the Trustees. A true and correct copy of the binding term sheet is attached hereto as "***Exhibit A***".

7. The Asset Purchase Agreement (the "***APA***") is attached hereto as "***Exhibit B***".[2]

8. As set forth in the term sheet, the Global Sale is to include all assets of the above-captioned bankruptcy estates (but expressly excluding the Excluded Assets described below) and their associated leases, contracts and related rights (collectively, the "**Property**") and expressly including the following:

    a.    All (i) Seller's equipment, machinery, furniture, spare parts, fixtures, furnishings, office equipment, communications equipment, vehicles and other tangible personal property of any nature and improvements relating to each Venue and the operation, management, maintenance and/or business of each Venue as conducted prior to the Petition Date, except for any of the foregoing owned by Ark Group of Irving, Inc. (the "**Las Colinas Venue Landlord**") or RPT Realty, L.P. (the "**Woodbury Venue Landlord**"), and (ii) rights of Sellers to the warranties, express or implied, and licenses received from manufacturers and sellers of the items set forth in the foregoing (i);

    b.    Inventory, including, without limitation, all materials, raw materials, components, supplies, work in progress and finished goods or products, subject to any inventory fluctuations occurring in the ordinary course;

    c.    All intellectual property and social media accounts, logon information and passwords, including trademarks, service marks, marks, patents, copyrights, trade secrets, know-how, processes, methods, industrial designs and designs whether or not specifically listed as well as any associated good will of each Debtors' business;

    d.    Executory contracts and unexpired leases (i) included on Exhibit A attached hereto or (ii) identified by Purchaser on or before July 15, 2024 ('Assumption and Rejection Notice Date") for assumption and assignment by no later than August 1, 2024 ("**Assumption and Rejection Deadline**"), in accordance with the filing of a completed form Notice of Assumption and Assignment attached as Exhibit B hereto (each, a "**Designated Contract**" and when referencing more than one, the

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the APA. Any summary of the APA herein is provided for convenience purposes only. To the extent any of the terms in this Motion are inconsistent with the APA, the APA shall control in all respects.

**Trustees' Joint Emergency Motion**      Page 4 of 10
LEGAL02/44526427v3

   "**_Designated Contracts_**"); provided that (x) Buyer may, at any time prior to the Closing, delete any contract or lease listed on Exhibit A and such deleted or excluded contract or lease shall not be a Designated Contract, and (y) Buyer may, at any time prior to the Assumption and Rejection Deadline, delete any contract or lease identified by the filing of Exhibit B and such deleted or excluded contract or lease shall not be a Designated Contract.

  e. All deposits and prepaid expenses of Sellers relating to any Designated Contracts, including (i) security deposits with third party suppliers, vendors, service providers or landlord and lease and rental payments, (ii) tenant reimbursements and (iii) prepaid property, or other, taxes;

  f. To the extent assignable, all of Seller's right, title and interest in, to and arising out of each Venue and the operation of its respective business at such Venue, including, but not limited to, all permits and licenses;

  g. All books, financial information, records, files, ledgers, documentation, instruments, research, papers, data, marketing materials and information, sales or technical literature or similar information that, in each case, is in possession or control of any Seller, whether each of the foregoing is in hard or electronic format (provided that each Trustee may retain copies to the extent necessary for the exercise of their continued duties as chapter 7 bankruptcy trustee, and will also be given access to all of the foregoing, upon reasonable notice to Buyer, for same);

  h. All goodwill associated with the Venues and the Acquired Assets;

  i. All software and the computer, communications, information, technology and network systems (both desktop and enterprise-wide) used by the Sellers or the Venues in connections with those respective businesses;

  j. All Internet domain name registrations, internet protocol range addresses (both IP4 and IP6), Internet accounts and names (including social networking and media names, such as Facebook, Twitter and LinkedIn), toll and vanity phone registrations, including registrations and applications for registration of any of the foregoing, and all passwords, logon information and goodwill associated with any of the foregoing; and

  k. any and all corresponding rights related to any of the foregoing (a) through (j).

  9. The Global Sale does not include the following Excluded Assets: (a) cash of each Debtor as of the Closing, (b) the Purchase Price (defined below), (c) causes of action owned by the Debtors as of, and arising prior to, the Closing, including claims for relief of any Seller under chapter 5 of the Bankruptcy Code, (d) any intellectual property that is owned by (i) Alamo Intermediate II Holdings, LLC or its affiliates or (ii) any intellectual property that is owned by

Two is One, One is None, LLC, or (e) for the avoidance of doubt, any equipment, machinery, furniture, spare parts, fixtures, furnishings, office equipment, communications equipment, vehicles and other tangible personal property of any nature and improvements owned by the Las Colinas Venue Landlord or the Woodbury Venue Landlord.

10. The Buyer has offered to purchase the Property for the collective cash sum of $2,700,000.00 (Two Million, Seven Hundred Thousand Dollars) (the "*Cash Component*") in addition to non-cash consideration, including but not limited to the Buyers' waiver of all claims by its affiliate Alamo Drafthouse Cinemas, LLC (the licensor for each of the Venues) against the Debtors' estates, which Buyer asserts amount to at least $12,867,960.77 broken down as $86,333.77 in unpaid franchise fees and $12,781,627 in prospective rejection damages claims. On or before Tuesday, June 25, 2024, the Buyer will fund the Cash Component into an escrow account or a trust account(s) designated by the Trustees, with those funds to be released only upon entry of an order of this Court approving the proposed sale, provided, however, that if the APA is not approved by the Bankruptcy Court by July 5, 2024, then the funds shall be returned to Buyer within three business days thereafter (which deadline may be waived at the sole discretion of Buyer).

11. The Property shall be sold free and clear of all liens, claims, encumbrances, and interests pursuant to 11 U.S.C. § 363(f); however, any valid pre-petition liens shall attach to the post-sale Cash Component to the same extent and priority as existed pre-petition, subject to Court approval and consummation of the sale. Allocation of the Cash Component will be subject to further Court approval on a separate Motion by the Trustees.

12. The Buyer has requested that the Order approving the relief requested in this Motion contain a finding under 11 U.S.C §363(m) that the Buyer is a good faith purchaser. The Trustees and the Buyer intend to submit evidence in support of this request at the sale hearing.

13. The Trustees also request that any Order on this Motion include limited authority under 11 U.S.C. § 721 for the Trustees to operate the businesses of the Debtors, if necessary, in order to enter into an Interim Management Agreement with the Buyer until new liquor licenses can be obtained by the Buyer under applicable state laws of Texas and Minnesota. The form of Interim Management Agreement is attached hereto as **Exhibit "C"**.

14. The Trustees further request that the Order on this Motion include a finding that the relief requested herein is necessary to avoid immediate and irreparable harm in accordance with F.R.B.P. 6003.

15. The Trustees further request that the Order on this Motion include a waiver of the 14-day stay under F.R.B.P. 6004(h) and 6006(d) in order to allow the proposed sale to close promptly following entry of the order.

16. The Trustees reserve the right to conduct an auction of the Property if other interested purchasers appear at the hearing on this Motion and wish to make higher offers to purchase the Property on the same (or more favorable to the estates) terms as set forth in the APA.

### DISPOSITION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

17. Section 365(a) of the Bankruptcy Code provides that a trustee, "subject to the court's approval, may assume or reject any executory contract or unexpired lease." 11 U.S.C. §365(a). Bankruptcy courts have held that a trustee or debtor-in-possession may request an order for rejection of such agreements under Section 365 in connection with a proposed sale motion under Section 363. *See In re Borders Group, Inc.*, 2011 Bankr. LEXIS 4606 (Bankr. S.D.N.Y. September 27, 2011); *In re: Dial-a-Mattress Operating Corp.*, 2009 Bankr. LEXIS 1801 (Bankr. E.D.N.Y. June 24, 2009).

18. The Trustees request that each of the Debtor's franchise agreements be rejected in

accordance with 11 U.S.C. § 365(d) of the Bankruptcy Code, and automatically terminated effective as of 12:01 a.m. on the sale closing date, subject to and contingent upon an order approving the Global Sale proposed herein.

19. Although only Iced Tea with Lemon, LLC and none of the other Debtors have yet filed their bankruptcy schedules or statement of financial affairs, the Trustees submit, on information and belief, that the executory contracts and unexpired leases listed on ***Exhibit "D"*** hereto accurately list each Debtor's actual or potential executory contracts and unexpired leases, as such agreements existed as of the Petition Date. Accordingly, the Trustees designate the documents listed on Exhibit D hereto as potential executory contracts or unexpired leases that are subject to either rejection or assumption and assignment (the "***Agreements***").

20. The APA provides for the assumption and assignment of that certain (i) Entertainment Complex Lease dated June 26, 2012 relating to the Richardson Venue, as amended from time to time, including Second Amendment to Lease Agreement between Silver Star CRE II, LLC and Alamo Richardson, LLC, and Third Amendment to Lease Agreement between Silver Star CRE II, LLC and Alamo Richardson, LLC; (ii) Retail Lease dated July 12, 2016 relating to the Lake Highlands Venue, as amended from time to time, including Sixth Amendment to Lease between Landlord (as defined therein) and Alamo Lake Highlands LLC; and (iii) Lease dated March 14, 2017 relating to the Woodbury Venue, as amended from time to time, including Fourth Amendment to Lease between Landlord and Alamo Woodbury LLC. Each lease amendment between the respective Landlords and the Alamo affiliate prospective new tenant provides for, *inter alia*, a mutually agreed upon cure amount of $0.00.

21. In addition to the assumed agreement referenced in the preceding paragraph, the Buyer may identify additional leases for assumption and assignment on or before July 15, 2024 to

be assumed and assigned by no later than August 1, 2024 by filing a Notice of Assumption and Assignment, as described in the APA. Any lease so identified by Buyer shall have a cure payment of $0.00. Alternatively, Buyer may identify leases to be rejected provided that the landlord waives any rejection damages and administrative claims as against the respective estate in connection with Buyer assuming the lease(s) outside of the applicable bankruptcy estate.

22. Unless the Buyer provides timely notification that it wishes to assume one or more of the Agreements as part of the Global Sale, the Trustees intends to reject any of the Agreements subject to rejection under 11 U.S.C. § 365 in conjunction with the Global Sale requested herein. Each of the Debtors has ceased business operations, and independent of the proposed Global Sale, these Agreements have no marketable value beneficial to the estates and are otherwise burdensome to the estates and should be rejected if no assumed by the Buyer.

WHEREFORE, the Trustees pray for the approval of the sale of the Property to Alamo Intermediate II Holdings, LLC, under the terms set forth herein and for such other relief as the Trustees may be entitled.

Respectfully submitted,

*/s/ Charles B. Hendricks*
Lyndel Anne Vargas
State Bar No. 24058913
Charles B. Henricks
State Bar No. 09451050
Steven T. Holmes
State Bar No. 00794918
CAVAZOS HENDRICKS POIROT, P.C.
Suite 570, Founders Square
900 Jackson Street
Dallas, TX 75202
Phone: (214) 573-7344
Email: LVargas@chfirm.com

Proposed Attorneys for Roddrick Breon Newhouse
As Chapter 7 Trustee in Case No. 24-41976-elm7

Proposed Attorneys for Behrooz P. Vida, Chapter 7 Trustee in Case No. 24-41978-mxm7

*/s/ Marc W. Taubenfeld*
Marc W. Taubenfeld
State Bar No. 19679800
MCGUIRE, CRADDOCK & STROTHER, P.C.
500 N. Akard St., Suite 2200
Dallas, TX 75201
Phone: (214) 954-6809
Email: mtaubenfeld@mcslaw.com

Proposed Attorneys for Roddrick Breon Newhouse as Chapter 7 Trustee in Case Nos. 24-41977-mxm7, 24-41979-elm7, and 24-41980-elm7

*/s/ Marilyn D. Garner*
Marilyn D. Garner
LAW OFFICE OF MARILYN D. GARNER
2001 E. Lamar Boulevard
Suite 200
Arlington, TX 76006-7347
Phone: (817) 505-1499
Email: mgarner@marilyndgarner.net

Proposed Attorneys for Marilyn D. Garner, Chapter 7 Trustee in Case No. 24-41981-elm7