**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | § | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| CINCO PELICULAS, LLC | § | Case No. 24-41978 |
| | § | |
| Debtors. | § | |

**GLOBAL NOTES, STATEMENT OF LIMITATIONS, AND DISCLAIMERS
REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND
STATEMENTS OF FINANCIAL AFFAIRS**

The above-captioned debtor (the "**Debtor**") in the above-captioned case, with the assistance of it advisors, has filed its respective Schedules of Assets and Liabilities (the "**Schedules**") and Statements of Financial Affairs (the "**Statements**" and together with the Schedules, the "**Schedules and Statements**") with the United States Bankruptcy Court for the Northern District of Texas (the "**Bankruptcy Court**") pursuant to section 521 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

These Global Notes, Statement of Limitations, and Disclaimers Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (collectively, the "**Global Notes**") pertain to, are incorporated by reference in, and comprise an integral part of the Debtor's Schedules and Statements. The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("**GAAP**"), nor are they intended to be fully reconciled with the financial statements of each Debtor (whether publicly filed or otherwise). Additionally, the Schedules and Statements contain unaudited information and reflect the Debtors' reasonable efforts to report the assets and liabilities of the Debtor.

In preparing the Schedules and Statements, the Debtor relied upon information derived from its books and records that was available at the time of such preparation.

Bill C. DiGaetano has signed the Schedules and Statements. Bill C. DiGaetano is an authorized signatory for the Debtor. In reviewing and signing the Schedules and Statements, Bill C. DiGaetano has relied upon the efforts, statements, and representations of various previously employed personnel by the Debtor and its advisors. Bill C. DiGaetano has not (and could not have) personally verified the accuracy of each such statement and representation, including, for example, statements and representations concerning amounts owed to creditors and their addresses, but that such statements in the Schedules represent what the Debtor's books and records reflect.

95567665.1

## Global Notes Overview and Methodology

1. **Description of Case and "as of" Information Date.** On June 6, 2024 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under of chapter 7 of the Bankruptcy Code with the Bankruptcy Court. The asset and liability information provided herein represents the asset and liability data of the Debtor as of the Petition Date, except as otherwise noted. In some instances, the Debtor has used estimates or prorated amounts where actual data as of the Petition Date was not available.

2. **Net Book Value of Assets**. When necessary, Debtor has indicated that the value of certain assets is "unknown" or "undetermined." Accordingly, unless otherwise indicated, the Schedules and Statements reflect the net book value of the Debtor's assets as of the Petition Date. Furthermore, as applicable, assets that have fully depreciated or were expensed for accounting purposes may not be reflected in the Schedules and Statements as they have no net book value. Book values of assets generally do not reflect the current performance of the assets or current market conditions and may differ materially from the actual value and/or performance of the underlying assets.

3. **Reporting Date.** The reported asset values in Schedules A and B, with the exception of estimated cash balances, reflect the Debtors' asset values as of June 6, 2024, 2024 (the "**Reporting Date**"), unless otherwise identified. Cash balances presented in Schedule A reflect bank balances as of morning of the Petition Date. Liability values presented in Schedules D, E, and F are as of the Petition Date. Any financial statement information would be as of March 31, 2024.

4. **Summary of Significant Reporting Policies**. The following is a summary of significant reporting policies:

    a. <u>Undetermined Amounts</u>. The description of an amount as "unknown," "TBD," "undetermined," or similar indication is not intended to reflect upon the materiality of such amount.

    b. <u>Totals</u>. All totals that are included in the Schedules and Statements represent totals of all known amounts. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

    c. <u>Liens</u>. Unless noted otherwise, the value of assets listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

5. **Estimates**. To prepare and file the Schedules, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities. Amounts for employees were not definitively able to be determined so have be listed as unknown.

6. **Global Notes Control**. In the event that the Schedules or Statements differ from any of the foregoing Global Notes, the Global Notes shall control.

95567665.1

**Specific Disclosures with respect to the Schedules**

**Schedules A/B**.

Part 2, Deposits and Prepayments.

Amounts reported as prepayments are as of the Reporting Date, except for the amounts listed as retainers, which are reported as of Petition Date.

Part 5, Inventory.

Amounts presented as inventory are as of the Reporting Date. The amounts listed in Part 5 should not be interpreted as an estimate of outstanding section 503(b)(9) balances.

Part 7, Office furniture, fixtures, and equipment.

The Debtors have identified owned office furniture, fixtures, and equipment. Actual realizable values may vary significantly relative to net book values as of the Reporting Date.

**Schedules E/F**.

The Debtors have used reasonable efforts to report all general unsecured Claims against the Debtors on Schedule E/F based upon the Debtors' books and records as of the Petition Date. Claims listed on Schedule E/F may have been aggregated by creditor name and remittance address and may include several dates of incurrence for the aggregate balance listed.

Schedule E/F does not include certain deferred charges, deferred liabilities, accruals, or general reserves. Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP. Refunds for tickets pre-sold before the Petition Date, with showings after the Petition Date are not included as that information is outside of the custody and control of the Debtor.

**Specific Disclosures With Respect to the Debtors' Statements of Financial Affairs**

1. **SOFA 3**. The payments disclosed in SOFA 3 are based on payments made by the Debtors with payment dates from March 8, 2024 to the Petition Date. The actual dates that cash cleared the Debtor's bank accounts were not considered. The Debtor's accounts payable system does not include the corresponding payment clear dates. It is expected, however, that many payments included in SOFA 3 have payment clear dates that are the same as payment dates (*e.g.*, wires and other forms of electronic payments). The response to SOFA 3 excludes payments made as part of regular and ordinary course disbursements or transfers listed on SOFA 4. Amounts still owed to creditors will appear on the Schedules for the Debtor.

3

95567665.1

      The amounts listed in SOFA 3 reflect the Debtor's disbursements netted against any check level detail; thus, to the extent a disbursement was made to pay for multiple invoices, only one entry has been listed on Statement 3.

2. **SOFA 6.** The Debtor's incurred certain offsets and other similar rights in the ordinary course of business. Offsets in the ordinary course can arise from various items including, but not limited to, billing discrepancies, customer programs, returns, promotional funding, warranties, refunds, and other disputes between the Debtor and their customers and/or suppliers. These offsets and other similar rights are consistent with the ordinary course of business in the Debtor's industry and are not tracked separately. Therefore, such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules.

3. **SOFA 7.** Information provided on SOFA 7 includes only those legal disputes and administrative proceedings that are formally recognized by an administrative, judicial, or other adjudicative forum, and does not include receipt of demand letters or legal notices.

4. **SOFA 11.** All payments for services of any entities that provided consultation concerning debt counseling or restructuring services, relief under the Bankruptcy Code, or preparation of a petition in bankruptcy within one year immediately preceding the Petition Date are listed on the applicable Debtor's response to SOFA 11 and were also included in the required attorney disclosures.

5. **SOFA 16**. Subject to the Debtor's privacy policy, in the ordinary course of business, the Debtor collects certain customer information from various sources. Examples of the types of information collected by the Debtor includes, among other things, name, mailing address, telephone number, and credit card information, however this information is in the custody and control of the Alamo franchisor, not the Debtor.

6. **SOFA 21.** In the ordinary course of business, the Debtors utilize leased property in the conduct of their business. Such leases are listed on Schedule G.

7. **SOFA 26.** The Debtor provided financial statements in the ordinary course of business to certain parties for business, statutory, credit, financing and other reasons. Financial statements have also been provided to other parties as requested, subject to customary non-disclosure requirements where applicable.

8. **SOFA 27.** The Debtors do not take inventory for valuation purposes, but rather to determine where additional food and beverage requires purchase. Therefore, there are no values assigned to any of the inventories listed.

9. **SOFA 30.** Any and all known disbursements to insiders have been listed in response to SOFA 4. The items listed under SOFA 30 incorporate by reference any items listed under SOFA 4.

4

95567665.1

10. **SOFA 31.** The Debtor files as a partnership return for tax purposes.

**Fill in this information to identify the case:**

Debtor name  **Cinco Peliculas, LLC**

United States Bankruptcy Court for the:  NORTHERN DISTRICT OF TEXAS

Case number (if known)  **24-41978**

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.** Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☒ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule*
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **July 5, 2024**

X **/s/ William C. DiGaetano**
Signature of individual signing on behalf of debtor

**William C. DiGaetano**
Printed name

**Chief Executive Officer**
Position or relationship to debtor

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor name | **Cinco Peliculas, LLC** |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF TEXAS |
| Case number (if known) | **24-41978** |

☐ Check if this is an amended filing

Official Form 206H
## Schedule H: Your Codebtors       12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Do you have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.
☑ Yes

**2.** In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, **Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| | *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing Address** | **Name** | *Check all schedules that apply:* |
| 2.1 | **Dos Peliculas, LLC** | 1005 South Lamar<br>Dallas, TX 75215 | **Origin Bank** | ☑ D __2.1__<br>☐ E/F ____<br>☐ G ____ |
| 2.2 | **Iced Tea with Lemon, LLC** | 100 South Central Expressway #14<br>Richardson, TX 75080 | **Origin Bank** | ☑ D __2.1__<br>☐ E/F ____<br>☐ G ____ |
| 2.3 | **Seis Peliculas, LLC** | 3220 Town Center Trail<br>Denton, TX 76201 | **Origin Bank** | ☑ D __2.1__<br>☐ E/F ____<br>☐ G ____ |
| 2.4 | **Tres Peliculas, LLC** | 320 West Las Colinas Boulevard<br>Building 2<br>Irving, TX 75039 | **Origin Bank** | ☑ D __2.1__<br>☐ E/F ____<br>☐ G ____ |
| 2.5 | **Two is One, One is None, LLC** | 320 West Las Colinas Boulevard<br>Irving, TX 75039-5680 | **Origin Bank** | ☑ D __2.1__<br>☐ E/F ____<br>☐ G ____ |

| Debtor | **Cinco Peliculas, LLC** | Case number *(if known)* | **24-41978** |
|---|---|---|---|

**Additional Page to List More Codebtors**

*Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.*

| | *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|---|
| 2.6 | **William C DiGaetano** | **101 Mill Crossing E Colleyville, TX 76034** | **Origin Bank** | ☑ D __2.1__<br>☐ E/F _____<br>☐ G _____ |
| 2.7 | **William C DiGaetano** | **101 Mill Crossing E Colleyville, TX 76034** | **SBA - EIDL** | ☑ D __2.2__<br>☐ E/F _____<br>☐ G _____ |
| 2.8 | **William C DiGaetano** | **101 Mill Crossing E Colleyville, TX 76034** | **Alamo Drafthouse Cinema LLC** | ☐ D _____<br>☐ E/F _____<br>☑ G __2.2__ |
| 2.9 | **William D DiGaetano** | **2715 Forrester Road Temple, TX 76502** | **Origin Bank** | ☑ D __2.1__<br>☐ E/F _____<br>☐ G _____ |
| 2.10 | **William D DiGaetano** | **2715 Forrester Road Temple, TX 76502** | **SBA - EIDL** | ☑ D __2.2__<br>☐ E/F _____<br>☐ G _____ |
| 2.11 | **William D DiGaetano** | **2715 Forrester Road Temple, TX 76502** | **Alamo Drafthouse Cinema LLC** | ☐ D _____<br>☐ E/F _____<br>☑ G __2.2__ |
| 2.12 | **Woodbury Alamo, LLC** | **9060 Hudson Road Woodbury, MN 55125** | **Origin Bank** | ☑ D __2.1__<br>☐ E/F _____<br>☐ G _____ |