**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | § | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| CINCO PELICULAS, LLC | § | Case No. 24-41978 |
| | § | |
| Debtors. | § | |

**GLOBAL NOTES, STATEMENT OF LIMITATIONS, AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

The above-captioned debtor (the "**Debtor**") in the above-captioned case, with the assistance of it advisors, has filed its respective Schedules of Assets and Liabilities (the "**Schedules**") and Statements of Financial Affairs (the "**Statements**" and together with the Schedules, the "**Schedules and Statements**") with the United States Bankruptcy Court for the Northern District of Texas (the "**Bankruptcy Court**") pursuant to section 521 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

These Global Notes, Statement of Limitations, and Disclaimers Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (collectively, the "**Global Notes**") pertain to, are incorporated by reference in, and comprise an integral part of the Debtor's Schedules and Statements. The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("**GAAP**"), nor are they intended to be fully reconciled with the financial statements of each Debtor (whether publicly filed or otherwise). Additionally, the Schedules and Statements contain unaudited information and reflect the Debtors' reasonable efforts to report the assets and liabilities of the Debtor.

In preparing the Schedules and Statements, the Debtor relied upon information derived from its books and records that was available at the time of such preparation.

Bill C. DiGaetano has signed the Schedules and Statements. Bill C. DiGaetano is an authorized signatory for the Debtor. In reviewing and signing the Schedules and Statements, Bill C. DiGaetano has relied upon the efforts, statements, and representations of various previously employed personnel by the Debtor and its advisors. Bill C. DiGaetano has not (and could not have) personally verified the accuracy of each such statement and representation, including, for example, statements and representations concerning amounts owed to creditors and their addresses, but that such statements in the Schedules represent what the Debtor's books and records reflect.

95567665.1

## Global Notes Overview and Methodology

1. **Description of Case and "as of" Information Date.** On June 6, 2024 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under of chapter 7 of the Bankruptcy Code with the Bankruptcy Court. The asset and liability information provided herein represents the asset and liability data of the Debtor as of the Petition Date, except as otherwise noted. In some instances, the Debtor has used estimates or prorated amounts where actual data as of the Petition Date was not available.

2. **Net Book Value of Assets**. When necessary, Debtor has indicated that the value of certain assets is "unknown" or "undetermined." Accordingly, unless otherwise indicated, the Schedules and Statements reflect the net book value of the Debtor's assets as of the Petition Date. Furthermore, as applicable, assets that have fully depreciated or were expensed for accounting purposes may not be reflected in the Schedules and Statements as they have no net book value. Book values of assets generally do not reflect the current performance of the assets or current market conditions and may differ materially from the actual value and/or performance of the underlying assets.

3. **Reporting Date.** The reported asset values in Schedules A and B, with the exception of estimated cash balances, reflect the Debtors' asset values as of June 6, 2024, 2024 (the "**Reporting Date**"), unless otherwise identified. Cash balances presented in Schedule A reflect bank balances as of morning of the Petition Date. Liability values presented in Schedules D, E, and F are as of the Petition Date. Any financial statement information would be as of March 31, 2024.

4. **Summary of Significant Reporting Policies**. The following is a summary of significant reporting policies:

   a. Underlined Amounts. The description of an amount as "unknown," "TBD," "undetermined," or similar indication is not intended to reflect upon the materiality of such amount.

   b. Totals. All totals that are included in the Schedules and Statements represent totals of all known amounts. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

   c. Liens. Unless noted otherwise, the value of assets listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

5. **Estimates**. To prepare and file the Schedules, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities. Amounts for employees were not definitively able to be determined so have be listed as unknown.

6. **Global Notes Control**. In the event that the Schedules or Statements differ from any of the foregoing Global Notes, the Global Notes shall control.

**Specific Disclosures with respect to the Schedules**

**Schedules A/B**.

Part 2, Deposits and Prepayments.

Amounts reported as prepayments are as of the Reporting Date, except for the amounts listed as retainers, which are reported as of Petition Date.

Part 5, Inventory.

Amounts presented as inventory are as of the Reporting Date. The amounts listed in Part 5 should not be interpreted as an estimate of outstanding section 503(b)(9) balances.

Part 7, Office furniture, fixtures, and equipment.

The Debtors have identified owned office furniture, fixtures, and equipment. Actual realizable values may vary significantly relative to net book values as of the Reporting Date.

**Schedules E/F**.

The Debtors have used reasonable efforts to report all general unsecured Claims against the Debtors on Schedule E/F based upon the Debtors' books and records as of the Petition Date. Claims listed on Schedule E/F may have been aggregated by creditor name and remittance address and may include several dates of incurrence for the aggregate balance listed.

Schedule E/F does not include certain deferred charges, deferred liabilities, accruals, or general reserves. Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP. Refunds for tickets pre-sold before the Petition Date, with showings after the Petition Date are not included as that information is outside of the custody and control of the Debtor.

**Specific Disclosures With Respect to the Debtors' Statements of Financial Affairs**

1. **SOFA 3**. The payments disclosed in SOFA 3 are based on payments made by the Debtors with payment dates from March 8, 2024 to the Petition Date. The actual dates that cash cleared the Debtor's bank accounts were not considered. The Debtor's accounts payable system does not include the corresponding payment clear dates. It is expected, however, that many payments included in SOFA 3 have payment clear dates that are the same as payment dates (*e.g.*, wires and other forms of electronic payments). The response to SOFA 3 excludes payments made as part of regular and ordinary course disbursements or transfers listed on SOFA 4. Amounts still owed to creditors will appear on the Schedules for the Debtor.

3

        The amounts listed in SOFA 3 reflect the Debtor's disbursements netted against any check level detail; thus, to the extent a disbursement was made to pay for multiple invoices, only one entry has been listed on Statement 3.

2. **SOFA 6.** The Debtor's incurred certain offsets and other similar rights in the ordinary course of business. Offsets in the ordinary course can arise from various items including, but not limited to, billing discrepancies, customer programs, returns, promotional funding, warranties, refunds, and other disputes between the Debtor and their customers and/or suppliers. These offsets and other similar rights are consistent with the ordinary course of business in the Debtor's industry and are not tracked separately. Therefore, such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules.

3. **SOFA 7.** Information provided on SOFA 7 includes only those legal disputes and administrative proceedings that are formally recognized by an administrative, judicial, or other adjudicative forum, and does not include receipt of demand letters or legal notices.

4. **SOFA 11.** All payments for services of any entities that provided consultation concerning debt counseling or restructuring services, relief under the Bankruptcy Code, or preparation of a petition in bankruptcy within one year immediately preceding the Petition Date are listed on the applicable Debtor's response to SOFA 11 and were also included in the required attorney disclosures.

5. **SOFA 16**. Subject to the Debtor's privacy policy, in the ordinary course of business, the Debtor collects certain customer information from various sources. Examples of the types of information collected by the Debtor includes, among other things, name, mailing address, telephone number, and credit card information, however this information is in the custody and control of the Alamo franchisor, not the Debtor.

6. **SOFA 21.** In the ordinary course of business, the Debtors utilize leased property in the conduct of their business. Such leases are listed on Schedule G.

7. **SOFA 26.** The Debtor provided financial statements in the ordinary course of business to certain parties for business, statutory, credit, financing and other reasons. Financial statements have also been provided to other parties as requested, subject to customary non-disclosure requirements where applicable.

8. **SOFA 27.** The Debtors do not take inventory for valuation purposes, but rather to determine where additional food and beverage requires purchase. Therefore, there are no values assigned to any of the inventories listed.

9. **SOFA 30.** Any and all known disbursements to insiders have been listed in response to SOFA 4. The items listed under SOFA 30 incorporate by reference any items listed under SOFA 4.

4

95567665.1

10. **SOFA 31.** The Debtor files as a partnership return for tax purposes.

5

95567665.1

**Fill in this information to identify the case:**

Debtor name **Cinco Peliculas, LLC**

United States Bankruptcy Court for the: NORTHERN DISTRICT OF TEXAS

Case number (if known) **24-41978**

☒ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☒ Amended *Schedule* **A/B**
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **July 5, 2024**  X **/s/ William C. DiGaetano**
Signature of individual signing on behalf of debtor

**William C. DiGaetano**
Printed name

**Chief Executive Officer**
Position or relationship to debtor

Official Form 202  **Declaration Under Penalty of Perjury for Non-Individual Debtors**

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor name | **Cinco Peliculas, LLC** |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF TEXAS |
| Case number (if known) | **24-41978** |

■ Check if this is an amended filing

## Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals  12/15

### Part 1: Summary of Assets

1. *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

    1a. **Real property:**
    Copy line 88 from *Schedule A/B*..................................................................................... $ **0.00**

    1b. **Total personal property:**
    Copy line 91A from *Schedule A/B*................................................................................. $ **7,411,036.32**

    1c. **Total of all property:**
    Copy line 92 from *Schedule A/B*.................................................................................... $ **7,411,036.32**

### Part 2: Summary of Liabilities

2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
    Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*.................................. $ **3,404,726.05**

3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

    **3a. Total claim amounts of priority unsecured claims:**
    Copy the total claims from Part 1 from line 5a of *Schedule E/F*....................................................................... $ **46,647.85**

    **3b. Total amount of claims of nonpriority amount of unsecured claims:**
    Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*.............................................. +$ **2,062,377.87**

4. **Total liabilities** ...................................................................................................................................
    Lines 2 + 3a + 3b    $ **5,513,751.77**

**Fill in this information to identify the case:**

Debtor name: **Cinco Peliculas, LLC**

United States Bankruptcy Court for the: NORTHERN DISTRICT OF TEXAS

Case number (if known): **24-41978**

■ Check if this is an amended filing

# Official Form 206A/B
## Schedule A/B: Assets - Real and Personal Property     12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

### Part 1: Cash and cash equivalents

1. **Does the debtor have any cash or cash equivalents?**

   ☐ No. Go to Part 2.
   ■ Yes Fill in the information below.

   All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest

2. **Cash on hand** — Unknown

2. **Cash on hand** — $5,750.00

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

   | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
   |---|---|---|---|
   | 3.1. Origin Bank | Checking | 1898 | $77,844.54 |

4. **Other cash equivalents** *(Identify all)*

5. **Total of Part 1.** | **$83,594.54**

   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

### Part 2: Deposits and Prepayments

6. **Does the debtor have any deposits or prepayments?**

   ☐ No. Go to Part 3.
   ■ Yes Fill in the information below.

7. **Deposits, including security deposits and utility deposits**
   Description, including name of holder of deposit

   | | | |
   |---|---|---|
   | 7.1. 7719 Certificate of Deposit | | $4,017.94 |

Official Form 206A/B     Schedule A/B Assets - Real and Personal Property     page 1

| Debtor | Cinco Peliculas, LLC | Case number *(If known)* **24-41978** |
|---|---|---|
| | Name | |

| | | |
|---|---|---|
| 7.2. | **7730 Certificate of Deposit** | **$4,017.94** |

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**
   Description, including name of holder of prepayment

| | | |
|---|---|---|
| 8.1. | **Ironedge - Server Warranties** | **$960.00** |
| 8.2. | **NCR - Software License** | **$750.00** |
| 8.3. | **Vista - Software Support** | **$3,510.00** |
| 8.4. | **Hempkins Insurance - Umbrella Insurance** | **$11,340.00** |
| 8.5. | **TABC - TABC Permit** | **$4,410.00** |

9. **Total of Part 2.**      **$29,005.88**
   Add lines 7 through 8. Copy the total to line 81.

### Part 3: Accounts receivable

10. **Does the debtor have any accounts receivable?**

☒ No. Go to Part 4.
☐ Yes Fill in the information below.

### Part 4: Investments

13. **Does the debtor own any investments?**

☒ No. Go to Part 5.
☐ Yes Fill in the information below.

### Part 5: Inventory, excluding agriculture assets

18. **Does the debtor own any inventory (excluding agriculture assets)?**

☐ No. Go to Part 6.
☒ Yes Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 19. **Raw materials** | | | | |
| 20. **Work in progress** | | | | |
| 21. **Finished goods, including goods held for resale** | | | | |

Official Form 206A/B      Schedule A/B Assets - Real and Personal Property      page 2

| Debtor | Cinco Peliculas, LLC | Case number *(If known)* | **24-41978** |
|---|---|---|---|
| | Name | | |

22. **Other inventory or supplies**

| | | | |
|---|---|---|---|
| **12010 Dairy** | | Unknown | $2,912.82 |
| **12020 Meats** | | Unknown | $1,486.34 |
| **12030 Seafood** | | Unknown | $351.07 |
| **12040 Poultry** | | Unknown | $1,057.09 |
| **12050 Produce** | | Unknown | $1,861.58 |
| **12060 Bakery** | | Unknown | $2,021.74 |
| **12070 Grocery** | | Unknown | $7,080.63 |
| **12080 Paper** | | Unknown | $7,725.81 |
| **12090 Desserts** | | Unknown | $2,897.34 |
| **12100 NA Beverage** | | Unknown | $3,390.42 |
| **12110 Bottled Beer** | | Unknown | $736.80 |
| **12120 Draft Beer** | | Unknown | $7,190.66 |
| **12130 Wine** | | Unknown | $3,851.36 |
| **12140 Liquor** | | Unknown | $9,276.11 |
| **12150 Janitorial/Chemical** | | Unknown | $5,243.89 |
| **12160 Merchandise** | | $0.00 | $0.00 |

23. **Total of Part 5.**   $57,083.66
    Add lines 19 through 22.  Copy the total to line 84.

24. **Is any of the property listed in Part 5 perishable?**
    ☐ No
    ■ Yes

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
    ■ No
    ☐ Yes. Book value _____  Valuation method _____  Current Value _____

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

Official Form 206A/B        Schedule A/B Assets - Real and Personal Property        page 3

| Debtor | Cinco Peliculas, LLC | Case number (If known) | 24-41978 |
|---|---|---|---|
| | Name | | |

☒ No
☐ Yes

### Part 6: Farming and fishing-related assets (other than titled motor vehicles and land)

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☒ No. Go to Part 7.
☐ Yes Fill in the information below.

### Part 7: Office furniture, fixtures, and equipment; and collectibles

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☐ No. Go to Part 8.
☒ Yes Fill in the information below.

| | General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 39. | **Office furniture**<br>17300 Furniture & Fixtures | Unknown | | $1,661,109.54 |
| 40. | **Office fixtures**<br>17400 Leasehold Improvements | Unknown | | $3,656,392.96 |
| | 17500 Projection | Unknown | | $508,589.33 |
| | 17600 Signage | $0.00 | | $0.00 |
| 41. | **Office equipment, including all computer equipment and communication systems equipment and software**<br>17100 Computer & IT | Unknown | | $344,139.06 |
| | 17200 Equipment | Unknown | | $615,355.10 |
| | Computer Software | Unknown | | $53,766.25 |
| | Pre-Opening Expense | $0.00 | | $0.00 |

42. **Collectibles** *Examples*: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles

43. **Total of Part 7.**                                                                                       $6,839,352.24
    Add lines 39 through 42. Copy the total to line 86.

44. **Is a depreciation schedule available for any of the property listed in Part 7?**
    ☒ No
    ☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**
    ☒ No

| Debtor | Cinco Peliculas, LLC | Case number *(If known)* | 24-41978 |
|---|---|---|---|
| | Name | | |

☐ Yes

### Part 8: Machinery, equipment, and vehicles

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

■ No.  Go to Part 9.
☐ Yes Fill in the information below.

### Part 9: Real property

**54. Does the debtor own or lease any real property?**

■ No.  Go to Part 10.
☐ Yes Fill in the information below.

### Part 10: Intangibles and intellectual property

**59. Does the debtor have any interests in intangibles or intellectual property?**

☐ No.  Go to Part 11.
■ Yes Fill in the information below.

| | General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 60. | Patents, copyrights, trademarks, and trade secrets | | | |
| 61. | Internet domain names and websites | | | |
| 62. | Licenses, franchises, and royalties | | | |
| 63. | Customer lists, mailing lists, or other compilations | | | |
| 64. | Other intangibles, or intellectual property | | | |
| 65. | **Goodwill** Cinco Peliculas invested nearly $4.0 million in the Alamo in Lake Highlands.  They built a significant following for the brand and have established a high number of Season Pass subscribers along with their nearly 201,000 guests that attended in 2023. | **Unknown** | | **$402,000.00** |

| 66. | **Total of Part 10.** | $402,000.00 |
|---|---|---|
| | Add lines 60 through 65. Copy the total to line 89. | |

**67. Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C.§§ 101(41A) and 107**?**

■ No
☐ Yes

**68. Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

■ No
☐ Yes

**69. Has any of the property listed in Part 10 been appraised by a professional within the last year?**

■ No
☐ Yes

### Part 11: All other assets

**70. Does the debtor own any other assets that have not yet been reported on this form?**

Official Form 206A/B                Schedule A/B Assets - Real and Personal Property                page 5

Debtor  **Cinco Peliculas, LLC**                                    Case number *(If known)* **24-41978**
      Name

Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No.  Go to Part 12.
■ Yes Fill in the information below.

**Current value of debtor's interest**

71. **Notes receivable**
Description (include name of obligor)

72. **Tax refunds and unused net operating losses (NOLs)**
Description (for example, federal, state, local)

   **2023 Federal Tax Returns in process - extensions filed**        Tax year                        **Unknown**

73. **Interests in insurance policies or annuities**

   **Undetermined**                                                                                **Unknown**

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

76. **Trusts, equitable or future interests in property**

77. **Other property of any kind not already listed** *Examples:* Season tickets, country club membership

78. **Total of Part 11.**                                                                          **$0.00**

   Add lines 71 through 77. Copy the total to line 90.

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**
   ■ No
   ☐ Yes

Debtor **Cinco Peliculas, LLC**     Case number *(If known)* **24-41978**
    Name

## Part 12: Summary

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $83,594.54 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $29,005.88 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $57,083.66 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $6,839,352.24 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.......>* | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $402,000.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $7,411,036.32 | + 91b. $0.00 |
| 92. **Total of all property on Schedule A/B**. Add lines 91a+91b=92 | | $7,411,036.32 |